**UNITED STATES of America**

v.

**Rocco R. P. PERNA.**

**Crim. No. 10374.**

United States District Court
D. Connecticut.

Aug. 7, 1961.

Harry W. Hultgren, U. S. Atty., Dist. of Conn., Hartford, Conn., Stephen E. Kaufman, (tried case) Asst. U. S. Atty., S. D. New York, New York City, for plaintiff.

David Goldstein, Goldstein & Peck, Jack D. Zeldes, Bridgeport, Conn., for defendant.

ANDERSON, Chief Judge.

At a trial before the court and jury the defendant, Perna, was found guilty, on June 14, 1961, on all three counts of an indictment charging violations of Title 26 U.S.C. § 7203 for willful failure to file timely income tax returns for the taxable years 1955, 1956 and 1957, respectively. The defendant now moves for a judgment of acquittal or, in the alternative, a new trial.

In support of the motion for acquittal, the defendant asserts that the Government offered no independent direct evidence of willfulness and that this omission is pointed up by the Government's failure to call as a witness Special Agent Williams who prepared the case for the Internal Revenue Service and who, the

defendant claims, presumably had first-hand knowledge of the facts bearing on this essential element.

"Willfulness" is a state of mind and can usually be established only by inferences from other facts. For the purpose of this motion the evidence offered by the Government in support of this element, together with reasonable inferences to be drawn therefrom, must be considered to be true. From this the jury may have found that the defendant had been a practicing lawyer in the State of Connecticut for many years, that he had studied federal income taxation while a law student, that he had prepared some tax returns for clients during the very years in which he omitted to file his own returns, that he had filed timely returns for several years prior to 1955 and that he filed returns for the years 1955 through 1957 at some time subsequent to April 15, 1958. The jury could also have found that Perna did not, in fact, make a timely filing of his income tax returns for the taxable years 1955, 1956 and 1957 and that he was motivated by a strong acquisitive drive and reluctance to disclose his income from his own evidence that he devoted an abnormally large part of his time, day and night, to acquiring income. These facts were sufficient to show not only knowledge of the obligation to file but also to infer a purpose to conceal tax liability. The jury may also have agreed with the Government's claim that willfulness should be inferred from the fact that the defendant falsely represented the circumstances connected with the condemnation of his property by the State of Connecticut, for highway purposes.

With regard to the defendant's claim that he should be acquitted because of the Government's failure to call Special Agent Williams, the court, in its instructions, left it to the jury to determine what inferences, if any, should be drawn from the failure to call Mr. Williams. To this charge the defendant took no exception.

In support of the alternative motion for a new trial the defendant claims, first that it was prejudicial error for the court to deny the defendant's motion for a mistrial because on direct examination the Government's attorney asked the defendant's accountant whether or not he had once stated that he did not understand how a lawyer could act as the defendant had and; second, it was prejudicial for the court to exclude the defendant's direct testimony on the matter of his "willfulness".

The first ground is without merit. The question complained of was immediately objected to and the objection was sustained. It was never answered. No motion to strike was made at that time. A little later, at the request of defense counsel, the court instructed the jury to disregard the question. The court is of the opinion that no prejudice whatever derived from the question and even assuming there had been any prejudice, it was adequately cured by the instructions which at the time appeared to satisfy defense counsel. The motion for mistrial was made a short time thereafter.

The second ground for a new trial is also insufficient. An examination of the transcript discloses that the court did permit the defendant on his direct examination to testify concerning his intent. The defendant said that he "never intended to conceal any of my liability to the Government." The defendant then continued, in a manner not responsive to the question, that he "told Mr. Williams that [he] never had any evil motive and that it was not willfull", at which point the court interrupted by saying, "I have ruled that out." It is apparent from the transcript, and was perfectly clear at the trial, that the court ruled out only the portion of the answer relating to evil motive and willfulness. It permitted to stand that part of Perna's testimony relating to intent.

Where intent is an element or issue in the case the defendant may offer direct evidence concerning it, but the portion of the testimony excluded amounted to nothing more than the witness' oblique way of expressing his belief as to how the case should be decided.

and was, therefore, improper. McCormick, Evidence, p. 25 (1954). Moreover, this part of the defendant's testimony was expressed in terms of a legal standard which, though perhaps familiar to a lawyer, might not be understood at all, or at any rate in the same sense, by the members of the jury. Thus, while it would not be wise to adopt an iron clad rule banning opinions on all "ultimate issues", the defendant's testimony here needed to be excluded because it was phrased in "terms of a legal criterion not adequately defined * * * so as to be correctly understood by laymen." McCormick, op. cit., supra, at 27.

The motions are denied.